IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JUAN MERAZ-SANDOVAL                                                      PETITIONER

v.                          NO. 2:06CV00231 WRW-JFF

LINDA SANDERS,
Warden, FCI-Forrest City,
Arkansas                                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Juan Meraz-Sandoval, an inmate at the Federal Correctional Complex in Forrest City, Arkansas (FCC-Forrest City), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary decision. For the following reasons, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

In 1997, Petitioner was convicted of violating federal drug laws and was sentenced to 180 months' imprisonment. He is serving his sentence at FCC-Forrest City. On October 20, 2005, C. Holbrook, a security officer at the unit, issued an incident

report charging Petitioner with possession of a weapon. In the report, Officer Holbrook stated that at approximately 2:00 a.m. on October 20, 2005, after he was directed by the operations lieutenant to conduct a search of Petitioner's cell and under Petitioner's locker in Cube 159 in the Marianna-B Unit, he confiscated a 14 and ½ inch homemade weapon from under Petitioner's locker. The weapon was made from a piece of broom handle and a nail sticking out of the end.

On October 25, 2005, Petitioner was given notice that a disciplinary hearing would be held and was advised of his rights at the hearing. On the notice of hearing form, Petitioner indicated that he desired to have Counselor Miller as a staff representative at the hearing. He also indicated that he wished to call Officer Duncan as a witness to testify that Petitioner "was not arguing with anybody." However, near the place on the form where Petitioner indicated that he wished to call Officer Duncan as a witness, there is the following notation: "Waived."

A disciplinary hearing was held on November 7, 2005. At the hearing, Petitioner denied having any knowledge of the weapon. On November 7, 2005, a discipline hearing officer issued a discipline hearing officer report. The report states that Petitioner waived his right to staff representation and that he did not request any witnesses. In the report, the discipline hearing officer found that Petitioner committed the prohibited act of possession of a weapon, relying on the written report of Officer Holbrook and a memorandum by Lieutenant D. DePoorter. In the memorandum, Lieutenant DePoorter stated that on October 20, 2005, at approximately 1:15 a.m., he received a "drop note" from the Marianna-B officer, stating that there had been an altercation on the previous shift between an inmate named Juan and another inmate.

The note further stated that Juan had retrieved a shank from under his locker and placed it back moments later. Lieutenant DePoorter stated that Petitioner and Miguel Palominos were assigned to cube 159 in Marianna-B. Lieutenant Depoorter further stated that at approximately 1:50 a.m., he directed Officer Holbrook to search the cube, especially under Petitioner's locker. Officer Holbrook subsequently notified Lieutenant Depoorter that he had found a homemade weapon under Petitioner's locker. Lieutenant Depoorter also stated in the memorandum that Petitioner initially stated that "he was not involved in any kind of altercation physically or verbally with anyone lately." Lieutenant Depoorter further stated that at approximately 2:45 a.m., Petitioner notified Lieutenant Walker that he had been in an argument on the prior shift with another Hispanic inmate over the Spanish television and did not tell Lieutenant DePoorter because he did not want to get locked up.

The discipline hearing officer also considered as evidence a photograph of the weapon. In addition, the discipline hearing officer considered the following statement by Petitioner to the investigating lieutenant: "I never saw that in my life, it's not my weapon. Somebody wanted me out of the unit so they put in my locker." Finally, the discipline hearing officer considered the following statement by Petitioner: "Somebody with that in my room. That's not a weapon to me. I don't know why they put that in my room."

The discipline hearing officer imposed the following sanctions on Petitioner for his possession of a weapon: sixty days disciplinary segregation, disallowance of forty-one days of good conduct time, and loss of commissary and telephone privileges for 365 days. Petitioner appealed the discipline hearing officer's decision to the Regional

Director.  The Regional Director denied Petitioner's appeal.  Petitioner appealed to the Administrator for National Inmate Appeals.  The Administrator denied his appeal.

On December 17, 2006, Petitioner filed his § 2241 petition in this Court.  He contends, *inter alia*, that the discipline hearing officer's decision finding him guilty of possession of a weapon "is unwarranted, unjust, and unfair and constitutes a violation of Petitioner's right to due process of law." Petitioner asserts that the discipline hearing officer's decision was "arbitrary and capricious, and not based on any evidence." Petitioner alleges that the discipline hearing officer ignored evidence that the weapon had been planted and that Petitioner was the victim of a set-up.  Petitioner also contends that the discipline hearing officer was biased.  Petitioner further alleges that he requested Counselor Miller as a staff representative and asked that Officer Duncan be called as a witness at the hearing, but that he was not provided a staff representative and Officer Duncan was not called as a witness. Petitioner prays that this Court enter an order directing that the incident report be expunged from his record and that his good time credits be restored.

The deprivation of good time credits for violation of a prison rule implicates a liberty interest protected by the Due Process Clause. *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). When a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decisionmaker

identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v.* Nix, 12 F.3d 777, 780 (8th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. at 563–67); *Espinoza*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). In addition, the decision of the prison discipline hearing officer must be supported by "some evidence in the record." *Espinoza*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. at 454); *Hrbek*, 12 F.3d at 781. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the discipline hearing officer, the decision cannot be characterized as arbitrary. *Superintendent v. Hill*, 472 U.S. at 457; *Hrbek*, 12 F.3d at 781.

Petitioner contends that the discipline hearing officer's decision finding him guilty of possession of a weapon "is unwarranted, unjust, and unfair and constitutes a violation of Petitioner's right to due process of law." Petitioner also asserts that the discipline hearing officer's decision was "arbitrary and capricious, and not based on any evidence." Petitioner alleges that the discipline hearing officer ignored evidence that the weapon had been planted and that Petitioner was the victim of a set-up.

The Magistrate Judge finds that the discipline hearing officer's determination that Petitioner possessed a weapon is supported by some evidence in the record, including Officer Holbrook's statement that he found the homemade weapon under Petitioner's locker and the photograph of the weapon. Accordingly, the Due Process Clause was

not violated.

Petitioner next alleges that he requested Counselor Miller as a staff representative at the hearing, but that he was not provided a staff representative. The discipline hearing report indicates that Petitioner waived his right to staff representation. Petitioner asserts that he did not waive staff representation and points to the notice of hearing form given to him prior to the hearing. On the form, Petitioner indicated that he desired to have Counselor Miller as a staff representative at the hearing.

It is not necessary to determine whether Petitioner was denied a staff representative or whether he waived the right to a staff representative as the Due Process Clause was not offended by any denial of a staff representative. There is no general constitutional right of a prison inmate to have a staff representative in disciplinary proceedings. See *Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). Due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." See *Wolff v. McDonnell*, 418 U.S. at 570; *Duarte v. Turner*, 1995 U.S. App. LEXIS 2568 at * 7  (7th Cir. Feb. 9, 1995); *Hedgepeth*, 92 F.3d at 751; *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).  While Petitioner alleges that his "primary language" is Spanish, he does not allege that he is illiterate. The Magistrate Judge finds that the issues involved were not so complex that it made it unlikely that Petitioner would be able to collect and present the evidence necessary for an adequate comprehension of the case.  It also is important to note that Petitioner has not alleged facts showing that he was prejudiced by any denial of a staff

representative.

Petitioner contends that he was not allowed to call Officer Duncan as a witness at the disciplinary hearing. He does not state what testimony Officer Duncan would have offered. The discipline hearing officer report indicates that Petitioner did not request any witnesses at the hearing. However, on the notice of hearing form given to Petitioner prior to the disciplinary hearing, Petitioner indicated that he wished to call Officer Duncan a witness to testify that Petitioner was "not arguing with anybody." However, near the place on the form where Petitioner indicated that he wished to call Officer Duncan as a witness, there is the following notation: "Waived." Petitioner alleges that he did not waive his right to call Officer Duncan as a witness.

This Court need not determine if Petitioner was not allowed to call Officer Duncan as a witness or whether he waived his right to call Officer Duncan as a witness because any error by the discipline hearing officer in refusing to allow Petitioner to call Officer Duncan as a witness was harmless. Errors made by prison officials in denying witness testimony at disciplinary hearings are subject to harmless error review. *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). From the record, it appears that the only testimony that Officer Duncan had to offer was that Petitioner was not arguing with anyone. The Magistrate Judge finds that any error by the discipline hearing officer in refusing to allow Petitioner to call Officer Duncan as a witness unquestionably was harmless.

Petitioner also contends that the Federal Bureau of Prisons ("BOP") violated it own regulations by depriving him of staff representation at the disciplinary hearing and

by denying him Officer Duncan as a witness. A claim that the BOP violated its regulations "does not implicate the Constitution" and does not entitle a petitioner to habeas relief. *See Antonelli v. Sanders*, 2006 U.S. Dist. LEXIS 14787 at * 4 (E.D. Ark. Feb. 24, 2006) (recommended disposition), adopted by order of district court, 2006 U.S. Dist. LEXIS 14788 (E.D. Ark. Mar. 15, 2006). *See also Ramos v. Gilkey*, 1997 U.S. Dist. LEXIS 5244 at * 5 (N.D. Ill. April 17, 1997) (holding that although the BOP violated federal disciplinary regulations, the petitioner was not entitled to habeas relief, finding that the "BOP can violate a federal regulation without violating the Constitution"); *Moles v. Holt*, 2007 U.S. App. LEXIS 6885 at * 5 (3d Cir. Mar. 23, 2007) (holding that prison officials' failure to conduct a thorough investigation into the allegations raised in the incident report as required by federal regulations did not rise to the level of a due process violation and did not entitle the petitioner to habeas relief).

Petitioner contends that the discipline hearing officer was biased against him. Petitioner alleges that the discipline hearing officer conferred extensively with Lieutenant DePoorter prior to the hearing and that, as a result, the officer was convinced Petitioner was guilty. Petitioner also alleges that the discipline hearing officer, prior to the hearing, discussed the case with correctional staff, who urged the officer "to find the Petitioner guilty of the offense since no inmate living in the room would admit to the possession of the prohibited weapon."

"The nature of prison disciplinary proceedings compels the courts to give wide latitude to prison officials in the manner in which they conduct these proceedings." *Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994). Discipline hearing officers are "entitled to a presumption of honesty and integrity." *See Piggie*, 342 F.3d at 666 (citing *Withrow*

*v. Larkin*, 421 U.S. 34, 47 (1975)). Consequently, "the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666 (citing *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986)). For a petitioner to be entitled to relief on a claim that the discipline hearing officer was biased, he must show that officer's conduct "gave [the officer] an interest adverse to [the inmate's] 'so direct, personal, and substantial as to give rise to a due-process violation.'" *See Ivy*, 31 F.3d at 635 (quoting *Dace v. Mickelson*, 797 F.2d 574, 578 n. 6 (8th Cir. 1986)). The Magistrate Judge finds that Petitioner's allegations concerning the discipline hearing officer's conferring with prison staff do not show that the officer's conduct gave the officer an interest adverse to Petitioner's interests so direct, personal, and substantial as to give rise to a due process violation.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.

Dated this 3rd day of July, 2007.

            /s/ John F. Forster, Jr.
          UNITED STATES MAGISTRATE JUDGE